*483 The opinion of the court was delivered by
Manning, 0. J.
The accused was convicted of an assault with a dangerous weapon, and sentenced to six months confinement at hard •labour. Eight days after the verdict had been rendered, the prisoner’s counsel moved to set it aside on the ground (we quote the language of the motion literally) “ that said verdict is illegal and irregular, having been pronounced anl rendered without giving him three judicial days within which to apply for a new trial.”
A verdict is necessarily the conclusion of a trial, unless in Iberville they reverse the order, and have the trial after a verdict of conviction. The complaint is, that the accused did not have three judicial days, before the verdict was rendered, in which to apply for a new trial. Until the verdict was rendered, the accused could not know what was the result of his trial, and therefore could not know whether he would need a new one.
Possibly there was some confusion of ideas about verdicts and judgments, and the two were confounded or supposed to be identical, and it may be that the motion was intended to mean, that three days should intervene between a verdict in a criminal case and the judgment pronounced thereon. We know of no law to that effect. The Oode of Practice does not regulate criminal trials.
Judgment affirmed.